(No. 2073— ▮▮▮▮▮)

SPELLMAN & COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed November 9, 1937.

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award of Twenty and 80/100 ($20.80) Dollars. The declaration recites that on June 13, 1932 claimant corporation had a total authorized capital stock of One Hundred Thousand ($100,000.00) Dollars, but that only Fifty-eight Thousand Four Hundred ($58,400.00) Dollars of such stock had been issued; that claimant, in response to a notice from the then Secretary of State, paid a capital stock tax of Fifty ($50.00) Dollars, based upon the authorized capital stock, whereas it should have paid only Twenty-nine and 20/100 ($29.20) Dollars, based upon the capital stock issued and outstanding.

Where the statement submitted by the tax payer has contained the correct figures of existing facts and the Secretary of state has made an erroneous computation or certificate based thereon, the court has heretofore made awards in certain instances. The attention of the court has more recently been called to certain provisions of the General Corporation Act of this State, approved June 12, 1919, whereby the payor of such corporation tax is accorded definite opportunities for a review. This claim having arisen prior to the adoption of the Business Corporation Act, claimant's rights must be determined under the provisions of the Corporation Act as it then existed.

Section 12 of such Act provided that between the 1st day of February and the 15th day of June, the Secretary of State shall mail a notice in writing to each corporation against whom such tax is assessed, notifying the corporation of the amount of the tax assessed against it, and that objections, if any, to such assessment will be heard by the officer making such assessment, upon request by the corporation, on a date not later than the 25th day of June, etc. Under the provisions of such Act the Secretary of State is given authority to change or modify such assessment upon such hearing being had.

The effect of this statute has been considered by the court in a number of recent cases, among them—*Butler Co.* vs. *State,* C. of C. No. 2500, and *Fried & Bell Paper Co.* vs. *State,* C. of C. No. 2244. As there stated,

"Where an illegal or excessive tax is paid voluntarily and with a full knowledge of all the facts it cannot be recovered.

"Where a franchise tax is erroneously assessed and no objection is made thereto and no request is made for a hearing thereon in accordance with the statute, and the tax is paid, such payment constitutes a voluntary payment within the legal meaning of those words."

Claimant herein made no objection to the tax assessed against it and made no request for a hearing thereon, paid the tax voluntarily and without protest and with a full knowledge of both its "authorized" and "issued" capital stock. We are compelled to hold that under the provisions of the statute and the decisions of our courts upon the question of voluntary payments, claimant is not entitled to a refund.

The award is therefore denied and the claim dismissed.